*Sheffield & Harvey, Charles P. Ryan,* for complainant.

*Waterman & Greenlaw,* for respondent; *Charles E. Tilley,* of counsel.

---

MARY ARMSTRONG, HARRIET J. D. ALERS, AUGUSTUS W. BOURNE, GEORGE A. BOURNE, JEREMIAH J. SULLIVAN *vs.* N. Y., N. H. & H. R. R. COMPANY.

MARCH 28, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

(1)   *Constitutional Law.   Taking Property Without Compensation.*

An act of the General Assembly granting permission to a railroad corporation to place a passenger station, which is supported wholly upon private land,

other than that of the plaintiff, over and across a public highway, which
act does not in its terms provide for any compensation for parties who
suffer damage from such erection, is not obnoxious to Cons. R. I. Art. 1, § 16,
as amounting to a taking of private property without compensation, where
the act does not deprive parties claiming to have suffered special damages
resulting to their particular properties from recovering such damages as
they have sustained.

*(2)   Constitutional Law.   Taking Property Without Compensation.*

An act to be unconstitutional must deprive a party of the right to recover for
such damages as he may be found to have sustained and to which he may be
entitled.     •

ACTIONS OF THE CASE.    Heard on certification on con-
stitutional question.

VINCENT, J.   These are actions of the case brought by
the owners of property abutting on a certain highway in the
town of East Providence to recover special damages which
they claim to have suffered, and are suffering, through the
erection and maintenance, by the defendant, of a railroad
passenger station above and over a portion of said highway
in the vicinity of their said property.   The declarations are
alike and each contains two counts.   The first count sets
out that the plaintiffs are owners of property abutting upon
the highway in question;  that the defendant has con-
structed over and above said highway, at the height of
feet, a railway station, the supports of which rest on lands
adjoining said highway, but not upon lands belonging to
the plaintiffs;  that sufficient room is left thereunder for
travelers and vehicles to pass along the highway;  that the
erection and maintenance of said station to some extent cuts
off from a portion of said highway the light, air and sunshine
from above;  and that by reason thereof the property of the
plaintiffs abutting on said highway has become depreciated
in rental value.

The second count is the same as the first with the excep-
tion that it alleges a violation of duty on the part of the
defendant in erecting its station "over and upon" instead of
"over and above" the highway as in the first count.

To each count of these several declarations the defendant filed the general issue and also a special plea, the latter setting out that authority to erect the said station at the place where the same had been located had been granted by an act of the General Assembly of Rhode Island, subject to the consent of the town council of the town of East Providence, which consent had thereafterwards been duly obtained.

The several plaintiffs demurred to this special plea on the ground that inasmuch as the act of the General Assembly contained no provision for compensation to those who might be damaged, through the erection and maintenance of such passenger station, it amounted to a taking of private property without compensation and was therefore contrary to the constitution of the State of Rhode Island and the constitution of the United States.

It appearing to the Superior Court that these demurrers brought in question the constitutionality of an act of the General Assembly the cases were forthwith certified to this court for determination. It is not claimed that any portion of said railroad passenger station or any foundation or support thereof rests upon said highway, but that such station is supported upon private property other than that belonging to the plaintiffs. Neither is it claimed that such structure prevents or impedes the passage of persons or vehicles to and from the property of the plaintiffs. The plaintiffs claim that the erection and maintenance of said structure over the street upon which their property is situated, though at some point not adjacent thereto, has depreciated the value of their property by abridging the volume of light, air and sunshine which would naturally come to that portion of the highway beneath such structure and which must necessarily be traversed in reaching the plaintiffs' premises.

(1) The act of the General Assembly passed May 4, 1909, granting permission to the defendant to place its passenger station over and across said highway does not, by its terms,

provide for any compensation to parties who might suffer damage from the erection and continuation of such structure. Under the prevailing conditions, the structure being wholly supported upon private lands, the necessity for such a provision may not have occurred to either the defendant or the General Assembly.

The plaintiffs argue that the provision for compensation having been omitted from the act that it consequently authorizes the taking of private property for a public use without compensation and is therefore contrary to Section 16, Article 1 of the Constitution of Rhode Island, which declares that "private property shall not be taken for public uses without just compensation."

(2) The act of the General Assembly referred to doubtless confers upon the defendants sufficient authority to maintain its passenger station, so far as the rights of the general public are concerned. These suits are for the recovery of special damages arising, as these plaintiffs claim, to their particular property through the erection and maintenance of this structure in the vicinity thereof. These are not proceedings through the attorney-general in behalf of the State for the abatement of a nuisance. The plaintiffs' claims relate wholly to special damages resulting to their particular property; that is to say, damages which are individual and private and which from their nature are distinguishable from those shared by the general public.

An act to be unconstitutional must deprive the plaintiffs of the right to recover for such damages as they may be found to have sustained and to which they may be entitled. We do not think that the act in question is so far-reaching as that nor do we think that it was the intention of the General Assembly to confer upon the defendant any exemption from responsibility should the erection and maintenance of such passenger station result in any special damage to the plaintiffs' property. Assuming for the moment and for the sake of the argument that the plaintiffs' suits are otherwise maintainable, we see nothing in the act which should deprive

them from recovering special damages if they have sustained any and, therefore, we see nothing unconstitutional therein. The clause of the constitution which the plaintiffs invoke is based upon some deprivation or abridgment of right. It naturally follows that if the plaintiffs still have a right of recovery there can be no violation of the constitution of which they can complain. As the cases are certified to us for the determination of the constitutional question raised, we have confined our investigations to such question. The cases are remitted to the Superior Court for further proceedings not inconsistent with this opinion.

*Waterman & Greenlaw,* for plaintiff; *Charles E. Tilley,* of counsel.

*Joseph C. Sweeney, Philip T. Gleason,* for defendant.